UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x

DAVID ZAIRE,

      Plaintiff,

  -v-                                                No. 99 Civ. 9817 (LTS)(KNF)

CHRISTOPHER ARTUZ, Superintendent of
Green Haven Correctional Facility,

      Defendant.

-------------------------------------------------------x

## ORDER

        Pursuant to the September 22, 2006, Order of the United States Court of Appeals for the Second Circuit, the motion of the Plaintiff, a prisoner who has prosecuted this action pro se, for an extension of time pursuant to Fed. R. App. P. 4(a)(5) to file a notice of appeal from the February 2003, judgment of this Court dismissing Plaintiff's case is before the undersigned. Plaintiff's Notice of Appeal appears to have been filed simultaneously with his extension motion.

        Rule 4(a)(5) permits a district court to extend the time to file a notice of appeal where, as here, a party so moves no later than 30 days after the time prescribed by Rule 4(a) expires and that party shows excusable neglect or good cause.

        Here, the judgment dismissing Plaintiff's case was entered on February 11, 2003. Plaintiff therefore had until March 11, 2003, under Rule 4(a), to file his notice of appeal. Pursuant to the mailbox rule, Plaintiff is deemed to have filed his motion to extend time on March 24, 2003, which date was within 30 days after the time prescribed by Rule 4(a) expired. Plaintiff submits that he was separated from his legal papers for two weeks, from February 26, 2003, until March 11, 2003, after being placed in solitary confinement pending disciplinary proceedings which were ultimately dismissed.

        The Supreme Court has adopted a liberal test for assessing what constitutes excusable neglect, noting that the "determination is at bottom an equitable one." Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, 507 U.S. 380, 395 (1993). In making an excusable neglect determination, a district court should take into account all relevant factors, including: "(1) the danger of prejudice to the non-moving party, (2) the length of the delay and impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the moving party, and (4) whether the moving party acted in good faith." Williams v. KFC Nat. Management Co., 391 F.3d 411, 415 (2d Cir. 2004).

Copies mailed 10/12/06
Chambers of Judge Swain

Given the Supreme Court's liberal test for assessing excusable neglect, and noting the brief time between Plaintiff's release from solitary confinement and the filing of this motion, the Court finds that excusable neglect exists based upon the Supreme Court's four factors, notably the third factor, the reason for the delay. See Williams, 391 F. 3d at 415. Specifically, the dismissal of the disciplinary proceedings in connection with which Plaintiff was placed in solitary confinement suggests that the circumstances occasioning his need for an extension of time may not have been within his reasonable control. Furthermore, the short requested extension does not appear to have presented any danger or prejudice to the defendant, and there is no indication that Plaintiff did not act in good faith. For substantially the same reasons, the Court finds that there is good cause to grant the motion.

Accordingly, Plaintiff's motion for an extension of time to file a notice of appeal pursuant to Fed. R. App. P. 4(a)(5) is granted.

SO ORDERED.

Dated: New York, New York
October 11, 2006

_____
LAURA TAYLOR SWAIN
United States District Judge